ELIZABETH S. KIRK, MARIE SUPPLEE DICKSON AND HENDERSON SUP-PLEE, JR., EXECUTRICES AND EXECUTOR OF THE WILL OF C. HEN-DERSON SUPPLEE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89363. Promulgated May 18, 1939.

*Harry J. Alker, Jr., Esq.,* and *Isadore Stern, Esq.,* for the petitioners.

*Thomas F. Callahan, Esq.,* and *Lewis S. Pendleton, Esq.,* for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of deficiencies in gift tax for 1933 and 1934 of $3,650.22 and $21,988.45, respectively. The petitioners contend that the respondent erred in the determination of deficiencies by not taking as the value of the gifts one-half of the cancellation value of certain life insurance policies taken out by C. Henderson Supplee in 1933 and 1934 in which the decedent's wife, Flora D. Supplee, was irrevocably named as beneficiary, with the right to cancel the policies at any time she saw fit.

C. Henderson Supplee filed a gift tax return for 1933 showing $53,445.04 as the gross value of taxable gifts made by him in 1933. He likewise filed a return for 1934 showing the gross value of taxable gifts to be $140,569.75. The respondent has determined the deficiencies involved in these proceedings by finding that the gross gifts were $153,490.75 for 1933 and $365,979 for 1934.

C. Henderson Supplee was a resident of Philadelphia, Pennsylvania, who died on September 10, 1934. He was born February 18, 1860.

During 1933 C. Henderson Supplee took out two single-premium life insurance policies issued by the Mutual Life Insurance Co. of New York. In each policy his wife, Flora D. Supplee, was irrevocably named as beneficiary, if living at the date of his death. Under each policy Flora D. Supplee had the right to surrender the policies and receive their cash surrender value. The details of these policies are as follows:

| Policy No. | Date | Face | Single premium paid | Cancellation value at date of issuance |
|---|---|---|---|---|
| 4,795,851 | 12/11/33 | $50,000 | $43,854.50 | $40,246.50 |
| 4,786,265 | 12/11/33 | 100,000 | 87,709.00 | 80,493.00 |
| Total | | | 131,563.50 | 120,739.50 |

Flora D. Supplee paid one-half of the premium on each policy.

During 1934 C. Henderson Supplee took out seven single-premium life insurance policies upon his own life, irrevocably naming Flora D. Supplee his beneficiary, if living at the date of his death, giving her the right to surrender the policies at any time and receive their cash surrender value. The details of these policies are as follows:

| Policy No. | Date | Face | Single premium paid | Cancellation value at date of issuance |
|---|---|---|---|---|
| 4,829,004 | 3/23/34 | $50,000.00 | $43,854.50 | $40,246.50 |
| 4,829,005 | 3/23/34 | 50,000.00 | 43,854.50 | 40,246.50 |
| 4,799,653 | 1/12/34 | 50,000.00 | 43,854.50 | 40,246.50 |
| 2,459,947 | 3/28/34 | 50,000.00 | 42,280.50 | 40,000.00 |
| 2,459,948 | 3/28/34 | 50,000.00 | 42,280.50 | 40,000.00 |
| B9,356,380 | 1/9/34 | 84,421.53 | 74,843.06 | 67,874.91 |
| B9,356,379 | 1/9/34 | 15,578.47 | 31,156.94 | 12,618.06 |
| Total | | | 322,124.50 | 281,232.47 |

The first three policies above listed as having been issued in 1934 were issued by the Mutual Life Insurance Co. of New York; the next two by the John Hancock Mutual Life Insurance Co., Boston, Mass.; and the last two by the Equitable Life Assurance Society of

the United States. The policies issued by the Equitable Life Assurance Society were special policies providing for annuities.

As in the two policies issued in 1933, Flora D. Supplee paid one-half of the premium upon each policy, or a total of $161,062.25.

It is the contention of the petitioners in this proceeding that the gross value of the gifts made by C. Henderson Supplee in 1933 and 1934 was one-half of the cancellation value at the dates of issuance of the policies, or $60,369.75 for 1933 and $140,616.24 for 1934. The respondent, on the other hand, contends that the value of the gross gifts in 1933 and 1934 was one-half of the premiums paid in each year, or $65,781.75 for 1933, and $161,062.25 for 1934.

Upon the issuance of the policies, Flora D. Supplee had the right to surrender the policies and receive the cash proceeds. The respondent contends that this does not measure the value of the gifts but that their value is the amount of the premiums paid by C. Henderson Supplee in 1933 and 1934, or $65,781.75 and $161,062.25, respectively. Although admittedly these are the amounts which were paid for the policies by C. Henderson Supplee, we do not think that they correctly measure the value of the gifts. This is the same question which was before the Board in *Ernest A. Cronin*, 37 B. T. A. 914, and *Mary H. Haines*, 37 B. T. A. 1013. In each of those cases we held that the value of the gift was one-half of the cash surrender value at the date of the gift. Those decisions are dispositive of the issue here presented. The gross value of the gifts made by C. Henderson Supplee in 1933 and 1934 was $60,369.75 and $140,616.24, respectively.

*Judgment will be entered under Rule 50.*